IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

BOOKER T. MARTIN, :
        Plaintiff, :
v. : Civ. No. 16-600-LPS
DETECTIVE BRADLEY CORDREY, :
et al., :
        Defendants. :

Booker T. Martin, Sussex Correctional Institution, Georgetown, Delaware, Pro Se Plaintiff.

Stephani J. Ballard, Esquire, Law Offices of Stephani J. Ballard, LLC, Wilmington, Delaware. Counsel for Defendants Bradley Cordrey, Joel Diaz, and John Tyndall.

Michael F. McTaggart, Deputy Attorney General Deputy, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendant Casey Ewart.

**MEMORANDUM OPINION**

September 5, 2017
Wilmington, Delaware

*(signature)*
STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff Booker T. Martin ("Plaintiff"), an inmate at the Sussex Correctional Institution in Georgetown, Delaware filed this action pursuant to 42 U.S.C. § 1983.[1] (D.I. 3) He appears *pro se* and has been granted leave to proceed *in forma pauperis*. Pending are Defendants' motions to dismiss. (D.I. 16, 19) Because Plaintiff had taken no action in the case, he was ordered to show cause why the case should not be dismissed for failure to prosecute. Plaintiff responded to the show cause order and asks the Court to deny the motions to dismiss. (D.I. 22) The Court has jurisdiction pursuant to 28 U.S.C. § 1331. For the reasons that follow, the Court will grant in part and deny in part the motion to dismiss filed by Defendants detective Bradley A. Cordrey ("Cordrey"), Cpl. Joel Diaz ("Diaz"), and Sgt. John Tyndall ("Tyndall"), will deny as premature without prejudice to renew their motion for summary judgment, and will grant Defendant Casey Ewart's Motion to dismiss.

## II. BACKGROUND

The complaint (D.I. 3) alleges that on August 9 and 10, 2014, Plaintiff was arrested and charged with robbery, resisting arrest, possession of a firearm during the commission of a crime, tampering with evidence, and possession of a firearm by a person prohibited. Plaintiff alleges that he was acquitted. The Court takes judicial notice that Plaintiff was convicted of all charges after a four-day jury trial, his attorney filed a post-trial motion for judgment of acquittal, it was granted by the Superior Court of the State of Delaware, and all charges, except resisting arrest, were dismissed. *See Miller v. State*, 150 A.3d 1193 (table), 2016 WL 6471899 (Del. Nov. 1, 2016).

---

[1]When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

1

Plaintiff raises the following claims: (1) Diaz violated his constitutional rights when he tased Plaintiff twice and used excessive force that caused physical damage to Plaintiff's face and left elbow at the time of Plaintiff's arrest, and Diaz did not seek medical care for him; (2) he was searched by Tyndall without a search warrant or probable cause after Plaintiff had already been searched and patted down by Diaz who had taken money from Plaintiff's pockets; (3) Cordrey left him overnight in a cold holding cell without water and medical attention, Cordrey filed false charges, and Cordrey perjured himself on the stand (apparently during Plaintiff's criminal trial); (4) he was maliciously prosecuted by attorney Ewart, and she conspired with Cordrey to support a false arrest that was not supported by probable cause. Plaintiff seeks compensatory and punitive damages.

Defendants Cordrey, Diaz, and Tyndall (collectively "Georgetown Police Defendants") move to dismiss or, or in the alternative for summary judgment, on the grounds that they are immune from suit under the doctrine of qualified immunity and/or the complaint fails to assert facts that could state a claim beyond a purely speculative level. (D.I. 16, 17) Ewart moves for dismissal on the grounds that the complaint fails to state a claim upon which relief may be granted, and she has prosecutorial immunity. (D.I. 19, 20) Plaintiff opposes the motions. (D.I. 22)

## III.  LEGAL STANDARDS

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio*

*v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted). A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346. "To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted). The Court is not obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996).

## IV. DISCUSSION

As an initial matter, the Court finds it appropriate to consider the Georgetown Police Defendants' exhibits without converting their motion to dismiss to a motion for summary judgment. Although courts generally consider only the complaint, exhibits, and matters of public record in adjudicating a motion to dismiss, an undisputedly authentic document attached to the motion which

3

forms the basis of a plaintiff's claim may be considered without converting to a summary judgment motion. *See Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). A document forms the basis of a claim if it is "integral to or explicitly relied upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1426. The allegations in the complaint must be based on the document; but the document does not need to be specifically cited in the complaint. *See id.* The main concern with such documents is notice to the plaintiff, but this is not an issue when the plaintiff has relied upon the document in drafting the complaint. *See id.* The Court may also take judicial notice of another court's record without converting to a summary judgment motion. *See Pryor v. National Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002). Georgetown Police Defendants' exhibits consists of a Superior Court criminal docket, arrest warrant, police reports, and a prisoner detention log – all of which will be considered by the Court. (D.I. 17) The Court will not, however, consider the affidavits of Cordrey, Diaz, and Tyndall, or the photos of Plaintiff. (*Id.*) As discussed, the complaint refers to Plaintiff's arrest, detention, and criminal case. The authenticity of the documents provided by the Georgetown Police Defendants is not reasonably in doubt and the Court will consider them in deciding the motions to dismiss.

All Defendants move to dismiss on the grounds that the allegations against them fail to state claims upon which relief may be granted. Plaintiff responds that he suffered harshly in the custody of defendants, he never received medical help, he was tasered twice, and he was never a suspect in the crime. (D.I. 22)

### A. Qualified Immunity

This Court previously reviewed Plaintiff's allegations and found that he stated cognizable and non-frivolous claims. (*See* D.I. 7) The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).

4

The Court once again reviews the claims. Liberally construing the claims, as the Court must, it finds that Plaintiff has alleged sufficient facts to state an excessive force claim against Diaz, failure to provide medical assistance/care claims against Diaz and Cordrey,[2] and an unlawful search claim against Tyndall. Therefore, the Court will deny the motion to dismiss these claims on the basis that they fail to state claims upon which relief may be granted.

Diaz, Cordrey, and Tyndall also seek dismissal under the doctrine of qualified immunity. Diaz contends that his use of force was reasonable and proportionate to the situation.[3] He did not address the issue of medical care. With regard to the medical care issue, Cordrey contends that he would not have had direct responsibility for Plaintiff's welfare, but the records show that he frequently checked on Plaintiff, and there is no evidence that Plaintiff requested or needed medical attention.[4] Tyndall argues that the records show he did not search Plaintiff as is alleged, and Plaintiff's constitutional rights were not violated even if he was searched more than once.[5]

---

[2]As will be discussed, the remaining claims against Cordrey will be dismissed.

[3]At this stage the Court cannot determine if Diaz's use of force was reasonable.

[4]There are issues of fact regarding the medical needs claims.

[5]Warrantless searches that do not fall within "a few specifically established and well-delineated exceptions" are "per se unreasonable under the Fourth Amendment." *Katz v. United States*, 389 U.S. 347, 357 (1967). "Among the exceptions to the warrant requirement is a search incident to a lawful arrest" which "derives from interests in officer safety and evidence preservation that are typically implicated in arrest situations." *Arizona v. Gant*, 556 U.S. 332, 338 (2009). "When an arrest is made, it is reasonable for the arresting officer to search the person arrested in order to remove any weapons that the latter might seek to use in order to resist arrest or effect his escape. Otherwise, the officer's safety might well be endangered, and the arrest itself frustrated. In addition, it is entirely reasonable for the arresting officer to search for and seize any evidence on the arrestee's person in order to prevent its concealment or destruction." *Chimel v. California*, 395 U.S. 752, 762-63 (1969). The "scope of a search incident to arrest" must be "commensurate with its purposes of protecting arresting officers and safeguarding any evidence of the offense of arrest that an arrestee might conceal or destroy." *Gant*, 556 U.S. at 339. Here, it is disputed whether there was a second search. In addition, at this time, the Court is unable to determine if there was a second search or if it was reasonable.

"The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (citation and quotation marks omitted). The question of "whether an officer made a reasonable mistake of law and is thus entitled to qualified immunity is a question of law that is properly answered by the court, not a jury." *Curley v. Klem*, 499 F.3d 199, 211 (3d Cir. 2007). A full analysis of whether qualified immunity applies to the foregoing claims against Diaz, Tyndall, and Cordrey is premature because there are unresolved questions of fact relevant to the analysis. *See Newland v. Reehorst*, 328 F. App'x 788, 791 n.3 (3d Cir. May 12, 2009) (stating it may be "unwise to venture into a qualified immunity analysis at the pleading stage as it is necessary to develop the factual record in the vast majority of cases"). Therefore, the Court will deny the motion to dismiss on the grounds of a qualified immunity defense at this stage of the litigation, without prejudice to Defendants' ability to later raise the defense again.

### B. False Arrest

Plaintiff alleges that Cordrey violated his rights because probable cause was lacking to support his arrest, and Cordrey filed false charges. To state a claim for false arrest under the Fourth Amendment, a plaintiff must establish that: (1) there was an arrest; and (2) the arrest was made without probable cause. *See James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012). Probable cause exists when "the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Estate of Smith v. Marasco*, 318 F.3d 497, 514 (3d Cir. 2003). In assessing probable cause, the Court considers "not whether the person arrested in fact committed the offense but whether the arresting officers had probable cause to believe the person arrested had committed the offense." *Dowling v. City of Philadelphia*, 855 F.2d 136, 141 (3d Cir. 1988).

The police records support a finding there was probable cause to arrest Plaintiff. There was a report of a robbery, Plaintiff was seen running, and he failed to obey commands to stop. Once force was used to stop Plaintiff, he was placed under arrest. These facts are sufficient for a reasonable officer to believe that Plaintiff had committed an offense. Coupled with the jury trial's finding Plaintiff guilty for resisting arrest, there is adequate probable cause to vitiate the claim for false arrest raised against Cordrey. Therefore, the Court will grant the motion to dismiss this claim.

C.     Malicious Prosecution

Plaintiff attempts to raise malicious prosecution claims against Cordrey and Ewart when he alleges that Cordrey filed false charges and Ewart conspired with Cordrey to support the arrest, apparently when she prosecuted the criminal case. With respect to the substantive claim for malicious prosecution against Cordrey and Ewart, Plaintiff must demonstrate: (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. *DiBella v. Borough of Beachwood*, 407 F.3d 599, 601 (3d Cir. 2005).

As discussed, given the facts alleged and as set forth in the police report, there was probable cause for Plaintiff's arrest. In addition, Plaintiff cannot establish the favorable termination element for a malicious prosecution claim. While Plaintiff alleges that he was "later acquitted," the Court takes judicial notice that he was not acquitted of all charges, and he was convicted of resisting arrest. (*See Miller v. State*, 2016 WL 6471899, at *1; D.I. 17-4 at 11)

For these reasons, the Court will grant the motions to dismiss the malicious prosecution claims. Since this is the only claim raised against Ewart, she will be dismissed as a defendant.[6]

### D. Witness Immunity

Plaintiff alleges that Cordrey committed police misconduct when he perjured himself on the witness stand. It is well-established that witnesses are immune from § 1983 liability where the claim is based on allegations of perjury, either at trial or during pretrial proceedings. *See Rehberg v. Paulk*, 566 U.S. 356, 367 (2012) ("[A] trial witness has absolute immunity [from suit under § 1983] with respect to any claim based on the witness' testimony."); *McArdle v. Tronetti*, 961 F.2d 1083, 1085 (3d Cir. 1992) (witness immunity applies to testimony given at pretrial hearings as well as to trial testimony); *Benckini v. Upper Saucon Twp.*, 2008 WL 2050825, at *11 (E.D. Pa. May 13, 2008) (absolute immunity afforded to witnesses, including police officers, charged under § 1983 for alleged perjurious testimony at pretrial proceedings). Accordingly, this claim will be dismissed.

## V. CONCLUSION

Based upon the foregoing discussion, the Court will: (1) grant in part and deny in part Georgetown Police Defendants' motion to dismiss (D.I. 16); (2) deny as premature without prejudice to renew Georgetown Police Defendants' motion for summary judgment (D.I. 16); and (3) grant Ewart's motion to dismiss (D.I. 19). The case proceeds on the following claims: excessive force against Diaz; medical needs against Diaz and Cordrey; and unlawful search against Tyndall.

---

[6]Ewart also has immunity from suit. Generally, "state prosecutors are absolutely immune from liability under § 1983 for actions performed in a [judicial or] quasi-judicial role." *Yarris v. County of Delaware*, 465 F.3d 129, 135 (3d Cir. 2006). This immunity covers acts that are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). With respect to Plaintiff's contention that false charges were brought against him, the Supreme Court has concluded that the filing and preparation of charges are part of the advocate's function and are protected by immunity. *See Kalina v. Fletcher*, 522 U.S. 118, 129 (1997). The decision to commence prosecution is at the core of a prosecutor's judicial role. *See Imbler*, 424 U.S. at 430-31. A falsely-charged defendant has a remedy through "safeguards built into the judicial system," such as probable cause hearings or dismissal of the charges. *Kulwicki v. Dawson*, 969 F.2d 1454, 1464 (3d Cir. 1992).

An appropriate Order will be entered.